UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SEWELL,

                              Petitioner,

                    v.

J.L. JAMISON, Warden, Federal Correctional
Institution, Otisville,

                              Respondent.

24 Civ. 4505 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Petitioner David Sewell ("Petitioner" or "Mr. Sewell") pled guilty to possession of a firearm by a felon and possession with the intent to distribute fentanyl in the U.S. District Court for the Middle District of North Carolina and was sentenced to a 188-month term of imprisonment.[1] He is serving his sentence at the Federal Correctional Institution in Otisville, New York ("FCI Otisville").[2] He now petitions, *pro se*, pursuant to 28 U.S.C. § 2241, for a writ of habeas corpus.[3] In his Petition, Mr. Sewell argues (1) that the Federal Bureau of Prisons ("BOP") incorrectly deemed him ineligible for Earned Time Credits ("ETC") under the First Step Act ("FSA"), and (2) that he has exhausted all of his administrative remedies under the BOP's Administrative Remedy Program ("ARP") prior to filing the Petition.[4] For the reasons that follow, Mr. Sewell's Petition is **DENIED**.

---

[1] *See* Cardew Decl. Ex. 1 at 1-2, ECF No. 8-1; Resp't's Mem. Opp'n Pet. Writ of Habeas Corpus ("Resp't's Opp'n") at 1, ECF No. 7.

[2] Cardew Decl. ¶ 5, ECF No. 8; *see* Pet. for Writ of Habeas Corpus ("Pet.") at 1, ECF No. 1. Because the Petition contains two documents and begins document page numbering on "Page 2 of 10," the Court cites to the ECF page numbers.

[3] *See* Pet.

[4] *Id.* at 10; Resp't's Opp'n at 1.

**BACKGROUND**

On October 20, 2022, the U.S. District Court for the Middle District of North Carolina sentenced Mr. Sewell to a 120-month term for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count 1") and a 188-month term for possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) ("Count 2") to run concurrently.[5] The sentence included a term of three years of supervised release for Count 1 and five years of supervised release for Count 2, to also run concurrently.[6] Mr. Sewell is incarcerated at FCI Otisville and was at the time the Petition was filed.[7]

Mr. Sewell alleges that the BOP incorrectly deemed him ineligible for the ETC provision of the FSA.[8] Mr. Sewell argues that 18 U.S.C. § 3632(d)(4)(D)(lxviii), "disqualifies those who are convicted of the Fentanyl charge, but adds the pre-requisite of an enhancement of a leadership role," which did not apply to him.[9] He contends that his status should be changed to "eligible" and he should be credited the earned time credits he believes that he is due.[10]

Mr. Sewell claims that he "has exhausted all of his available administrative remedies."[11] There are four steps to the BOP's ARP.[12] First, a person must attempt informal resolution with

---

[5] *See* Criminal J. at 1-2.

[6] *Id.* at 3.

[7] Pet. at 1.

[8] *Id.* at 6-7, 10.

[9] *Id.* at 10.

[10] *Id.*

[11] *Id.*

[12] *See Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing 28 C.F.R. §§ 542.10-19).

prison staff using a BP-8 form.[13]  If the issue is not resolved through that informal process, they may then initiate a formal grievance by submitting a BP-9 form to the Warden.[14]  Third, they may appeal an unfavorable decision to the Regional Director of the BOP on a BP-10.[15]  Finally, if they are still unsuccessful, they may appeal the decision to the BOP's General Counsel on a BP-11.[16]  Only then can they file a habeas petition.[17]

On April 29, 2024, Mr. Sewell began the informal resolution process by submitting a BP-8 form to his counselor at FCI Otisville and received no response.[18]  On May 9, 2024, Mr. Sewell initiated the formal grievance process by submitting a BP-9 form to the BOP, attaching a copy of the BP-8 he had filed.[19]  The same day, the BP-9 was rejected by the BOP, who wrote "[Mr. Sewell] did not attempt informal resolution prior to submission of Administrative Remedy or [Mr. Sewell] did not provide the necessary evidence of [his] attempt at informal resolution."[20]  Mr. Sewell asked his counselor for a BP-10 to appeal the denial of his request, and his counselor refused to provide the form, which Mr. Sewell asserts "ma[de] further relief unavailable."[21]  On June 1, 2024, Mr. Sewell filed his Petition for a writ of habeas corpus.[22]

---

[13] *See Gottesfeld v. Anderson*, No. 18 Civ. 10836, 2020 WL 1082590, at *6 (citing 28 C.F.R. § 542.13).

[14] *See id.* (citing 28 C.F.R. § 542.14).

[15] *See id.* (citing 28 C.F.R. § 542.15).

[16] *See id.*; *see also* 28 C.F.R. § 542.15.

[17] S*ee Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

[18] Pet. at 2, 10.

[19] *Id.* at 10; *see also* Cardew Decl. ¶ 14.

[20] Pet. at 10; *see also* Cardew Decl. ¶ 14.

[21] Pet. at 11.

[22] *Id.*

3

## LEGAL STANDARDS[23]

Habeas corpus relief under 28 U.S.C. § 2241 is available for people who are incarcerated in federal prison and who are "in custody in violation of the Constitution or laws or treaties of the United States."[24]  A writ of habeas corpus under § 2241 is available for a petitioner to challenge the execution of his sentence after conviction, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions," rather than the legality of his sentence.[25]  "Although § 2241 does not expressly require exhaustion of administrative remedies, in [the Second] Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241."[26]

As Mr. Sewell is a *pro se* and incarcerated litigant, the Court will examine his submissions with "special solicitude"[27] "and will interpret them to raise the strongest arguments that they suggest."[28]  "Nevertheless, 'threadbare recitals' and 'mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the [petitioner] has not pleaded."[29]

## DISCUSSION

Respondent argues that Mr. Sewell's Petition should be dismissed because (1) he failed to exhaust his administrative remedies under the BOP's ARP, and (2) because he is requesting

---

[23] Unless otherwise indicated, all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted.

[24] 28 U.S.C. § 2241(c)(3).

[25] *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001); s*ee Carmona*, 243 F.3d at 632 (finding a challenge to loss of good time credits was properly brought under § 2241).

[26] *Lesane v. Tellez*, No. 21 Civ. 2074, 2021 WL 3500916, at *2 (S.D.N.Y. Aug. 4, 2021) (citing *Carmona*, 243 F.3d at 634).

[27] *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

[28] *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[29] *Rosales v. Petrucci*, No. 20 Civ. 2136, 2015 WL 5449701, at *3 (S.D.N.Y. Nov. 22, 2021) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

relief—the application of ETC—that he is not eligible for under the FSA.[30]  Because the Court

holds that Mr. Sewell failed to exhaust his administrative remedies, it need not determine whether

Mr. Sewell was eligible to apply ETC under the FSA.

## I.        Exhaustion of Administrative Remedies

In the Second Circuit, people who are incarcerated in federal prisons must exhaust their

administrative remedies before filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.[31]

"The exhaustion requirement 'protects the authority of administrative agencies, limits interference

in agency affairs, develops the factual record to make judicial review more efficient, and resolves

issues to render judicial review unnecessary.'"[32]  "Failure to exhaust administrative remedies

results in a procedural default, which bars judicial review unless the petitioner persuades the Court

that the failure to exhaust should be excused."[33]

As discussed above, Mr. Sewell took several of the steps required by the ARP.  He filed a

BP-8 form[34] and, after not receiving a response,[35] submitted a BP-9 form to the Warden.[36]  When

the BP-9 form was rejected because "[Mr. Sewell] did not attempt informal resolution prior to

submission of Administrative Remedy" or because "[Mr. Sewell] did not provide the necessary

evidence of [his] attempt at informal resolution[,]"[37] he then sought a BP-10 form from his

---

[30] Resp't's Opp'n at 5.

[31] *Carmona*, 243 F.3d at 634; *see Lesane*, 2021 WL 3500916, at *2 ("Although § 2241 does not expressly require exhaustion of administrative remedies, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to *habeas corpus* relief under § 2241.").

[32] *Rosenthal*, 667 F. Supp. 2d at 366 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

[33] *Id.* at 366.

[34] Pet. at 2, 10.

[35] *Id.*

[36] *Id.* at 3, 10.

[37] *Id.* at 10; *see* Cardew Decl. Ex. 4 at 2, ECF No. 8-4.

counselor.[38] The counselor, however, refused to provide him with the form for unknown reasons.[39] Mr. Sewell asserts that, because he was denied access to a BP-10 form, "further relief [was] unavailable" and thus, he had exhausted all administrative remedies.[40]

Despite the fact that the BOP seemingly erred in its basis for denying Mr. Sewell's BP-9 application, as Mr. Sewell had sought informal resolution by filing his BP-8—and provided evidence of this attempt by attaching the BP-8 to his BP-9 submission—Mr. Sewell did not exhaust his administrative remedies.[41]  "Erroneous rejections" of administrative appeals do not excuse the exhaustion requirement.[42]  Further, "[a]n unsuccessful request for grievance forms does not, without more, relieve a prisoner of the exhaustion requirement."[43]  Instead, when a request for grievance forms is denied, "reasonable attempts" must still be made to satisfy the exhaustion requirement.[44]  The reasonable attempts standard requires "a serious effort by the prisoner to

---

[38] Pet. at 11.

[39] *Id.*

[40] *Id*.

[41] *Id.* at 10.

[42] *Portocarrero-Valencia v. Warden*, No. 24 Civ. 6413, 2025 WL 670911, at *4 n.5 (S.D.N.Y. Feb. 28, 2025) (holding that a seemingly erroneous BP-9 rejection for not attempting informal resolution, where petitioner had attached a BP-8 to the submission, did not relieve petitioner of his duty to exhaust administrative remedies).

[43] *Cheng v. United States*, 725 F. Supp. 3d 432, 441 (S.D.N.Y. 2024) (holding that a counselor's denial of BP-9 and BP-10 grievance forms were not, alone, sufficient to render administrative remedies unavailable to the plaintiff.); *see Silvagnoli v. Figueroa*, No. 12 Civ. 7761, 2014 WL 4160213, at *4 (S.D.N.Y. Aug. 19, 2014) (finding an "alleged refusal to give Plaintiff a grievance form does not render administrative remedies unavailable."); *Armand v. Simonson*, No. 12 Civ. 7709, 2016 WL 1257972, at *22 (S.D.N.Y. Mar. 30, 2016) ("[N]o argument could be made that administrative remedies were not available to Plaintiff . . . by virtue of her allegation that . . . she was ignored by correctional staff in asking for supplies and grievance forms.").

[44] *Id.*

appeal through the proper statutory channels."[45]    Here, Mr. Sewell has not made any representations that he took any additional steps to exhaust his administrative remedies before petitioning for a writ of habeas corpus.

Nevertheless, the Court may excuse a failure to exhaust administrative remedies when "exhaustion would be futile or when the agency has predetermined the issue before it."[46]  Mr. Sewell does not explicitly raise this argument, however given the special solicitude the court affords *pro se* litigants, the Court will read his petition with an eye toward it.

The Petition pleads one fact that suggests futility or that the BOP had predetermined the issue that Petitioner is raising: Mr. Sewell's counselor refused to provide him with a BP-10 form.[47] However, as discussed above, an unsuccessful request for a grievance form does not, alone, render administrative remedies unavailable, nor relieve a petitioner of his exhaustion requirement.  In this case, after being denied a BP-10 form, Mr. Sewell could have made "reasonable efforts" to appeal by, *inter alia*, writing to the warden or other BOP staff, or making additional inquiries.[48]  Courts are instructed to excuse failure to exhaust "only where 'legitimate circumstances beyond the

---

[45] *Clarke v. Thornton*, 515 F. Supp. 2d 435, 439-40 (citing *Indelicato v. Suarez*, 207 F. Supp. 2d 216, 219 (S.D.N.Y. 2002)); *see also Indelicato*, 207 F. Supp. 2d at 219-20 (rejecting that plaintiff made reasonable efforts by requesting a grievance form from his case manager three times); *Cruz v. Lee*, No. 14 Civ. 4870, 2016 WL 1060330, at *5 (S.D.N.Y. Mar. 15, 2016) (finding that after a prisoner was denied access to the grievance procedure, he made reasonable efforts to exhaust by writing a letter to his counselor, speaking with a mental health doctor, and writing to the superintendent); *O'Connor v. Featherston*, No. 01 Civ. 3251, 2002 WL 818085, at *2-3 (S.D.N.Y. Apr. 29, 2002) (determining that an inmate who was refused grievance forms made reasonable efforts to exhaust by writing letters, filing a FOIA request, an appeal to the denial of that request, and making several other inquiries).

[46] *Rosales*, 2015 WL 5449701, at *3.

[47] Pet. at 11.

[48] *See e.g.*, *Cruz*, 2016 WL 1060330, at *5 (writing to his counselor and superintendent, and speaking with a mental health doctor); *O'Connor*, 2002 WL 818085, at *2-3 (writing letters, filing a FOIA request and appeal, and making several other inquiries).

prisoner's control preclude him from fully pursuing his administrative remedies.'"[49]  Mr. Sewell fails to establish such circumstances here.

Despite what was surely a frustrating lack of responsiveness from the BOP toward his grievances, the Court finds that Mr. Sewell was not precluded from pursuing relief through administrative procedures and has thus not exhausted his administrative remedies before petitioning for habeas relief.  As such, the Court need not determine whether Mr. Sewell was eligible to apply ETC under the FSA.

## CONCLUSION

For the reasons stated above, Mr. Sewell's Petition is **DENIED**.  As Mr. Sewell has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.[50]  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 30, 2026

      New York, New York

 

_____
           DALE E. HO
       United States District Judge

---

[49] *Rosales*, 2015 WL 5449701, at *4 (citing *Carmona*, 243 F.3d at 634); *see id.* at *4-5 (finding that untimely responses from prison staff to petitioner's informal resolution efforts and "unchangeable" BOP policies were not sufficient to excuse petitioner's failure to exhaust administrative remedies).

[50] *See* 28 U.S.C. § 2253(c)(2); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012); *Rosenthal*, 667 F. Supp. 2d at 367 (declining to issue a certificate of appealability when petitioner failed to exhaust administrative remedies).